IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05361-PAB

JERONIMO MAVUNGO-RAYMOND,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
NATHAN RASPER[1], Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Jeronimo Mavungo-Raymond's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 6. Petitioner replied. Docket No. 7.

## I. BACKGROUND

Petitioner is a native and citizen of Angola. Docket No. 1 at 1. His petition does not identify when he entered the United States or when he was first detained by Immigration and Customs Enforcement ("ICE"). *See generally id.* At some point,

[1] Nathan Rasper is automatically substituted as a party in his official capacity, in accordance with Federal Rule of Civil Procedure 25(d).

petitioner was ordered removed from the country under 8 U.S.C. § 1227(a)(1)(C)(i).[2] *Id.* at 10, ¶ 38. That order became administratively final on October 7, 2025. *Id.* at 4, ¶¶ 14-15. Petitioner later moved the BIA to reopen his proceedings, and the BIA denied the motion on January 15, 2026. *Id.*, ¶ 15.

On January 9, 2026, while in ICE custody, petitioner filed a petition for writ of habeas corpus in the United States District Court for the District of Rhode Island. *Id.*, ¶ 16. On January 21, 2026, Chief Judge McConnell granted the petition, ordered the government to provide petitioner a bond hearing under 8 U.S.C. § 1226(a) within ten days, and ordered the government "to release [petitioner] immediately pending the bond hearing." *See generally* Docket No. 1-3. On January 29, 2026, ICE released petitioner. Docket No. 1 at 4, ¶ 17. On January 30, 2026, an immigration judge ordered petitioner released from ICE custody on a $6,000 bond. *Id.*, ¶ 18. ICE, however, "declined to accept payment of the bond, on the ground that Petitioner had already been released." *Id.* at 4-5, ¶ 18.

On or about July 1, 2026, petitioner was charged in a criminal case in the United States District Court for the District of Maine.[3] On July 10, 2026, a magistrate judge ordered him released on conditions in that matter. *Id.* at 5, ¶ 19. After his release, petitioner was transferred to ICE custody that same day. *Id.*, ¶ 20. When ICE took petitioner into custody on July 10, 2026, the arresting agents did not provide petitioner with any documents or explain why he was being returned to immigration custody. *Id.*,

[2] This provision makes deportable any noncitizen "who has failed to maintain the nonimmigrant status in which the [noncitizen] was admitted . . . or to comply with the conditions of any such status." 8 U.S.C. § 1227(a)(1)(C)(i).
[3] The petition does not detail the nature of the alleged offense.

¶ 21. Only on August 25, 2026 did ICE serve petitioner with a notice that it would conduct a post-order custody review. *Id.* at 5-6, ¶ 23. Sometime after September 30, 2026, ICE mailed petitioner a written decision[4] stating that he would not be released from ICE custody based on petitioner's "refus[al] to cooperate with his removal to Angola." *Id.* at 6, ¶ 25.

On October 20, 2026, petitioner filed a habeas petition. *See generally id.* He asserts one claim that his revocation of release violated 8 C.F.R. § 241.4(l) and one claim under the Due Process Clause of the Fifth Amendment for the same conduct. *Id.* at 10-12, ¶¶ 37-43. For relief, petitioner requests release from custody under the same conditions as the immigration judge imposed in January 2026 and an order directing respondents "not transfer him outside the District of Colorado except to the District of Maine for his pending criminal proceedings." *Id.* at 12-13.

On October 23, 2026, petitioner filed a notice of change in place of confinement. Docket No. 4. Petitioner explained that, on October 9, 2026, the District of Maine issued a writ of habeas corpus ad prosequendum for petitioner's arraignment on October 30, 2026 and for jury selection on November 2, 2026. *Id.* at 2, ¶ 3. On October 22, 2026, the United States Marshals Service (the "Marshals") took petitioner from the Denver Contract Detention Facility for transport to the District of Maine. *Id.*, ¶ 4. On October 23, 2026, however, the Marshals informed the Maine parties that petitioner would not be transported to Maine in time for his scheduled arraignment and his anticipated arrival in Maine was not expected until mid-to-late December. *See United*

[4] The petition states that counsel is attempting to obtain a copy of the decision to file with the Court. Docket No. 1 at 6, ¶ 25.

*States v. Mavungo-Raymond*, No. 2:26-cr-00082-LEW, Docket No. 50 at 7 (D. Me. Nov. 2, 2026). Petitioner's reply indicated that "[o]n or before November 4, 2026, Petitioner was moved from FCI Englewood to the Federal Transfer Center in Oklahoma City, Oklahoma." Docket No. 7 at 4, ¶ 9; *see also* Fed. Bureau of Prisons, *Find an inmate.*, https://www.bop.gov/inmateloc/ (search for register number 41687-506) (last visited Nov. 5, 2026).

On November 2, 2026, respondents filed a response. Docket No. 6. The response indicates that "Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recognize[s] that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1-2. Respondents further state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

On November 5, 2026, petitioner filed a reply in support of his writ. Docket No. 7. Petitioner's reply argues that he should be released immediately without any monetary bond. *See id.* at 2-4.

## II. ANALYSIS

When a noncitizen is ordered removed, the government is to remove him within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). Certain noncitizens "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" set out in § 1231(a)(3). 8 U.S.C. § 1231(a)(6). The statute, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period

reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

ICE implements its post-order custody authority through 8 C.F.R. §§ 241.4 and 241.13[5]. Section 241.4 governs aliens ordered removed under 8 U.S.C. § 1227(a)(1)(C) "who ha[ve] been released under an order of supervision or other conditions of release."[6] 8 C.F.R. § 241.4(l)(1). If the government seeks to revoke the release, the regulations provide procedural safeguards[7]: "Upon revocation, the alien will be notified of the reasons for revocation of his or her release or parole. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.*

Petitioner was not provided upon revocation "notifi[cation] of the reasons for revocation" nor a prompt "informal interview" to "respond to the reasons for revocation." *Id.* *See Abedi*, 2026 WL 3149141, at *18-*21 (holding that government failed to meet

---

[5] Section 241.13 applies to aliens who have been released based on a determination "that there is no significant likelihood that [the noncitizen] can be removed in the reasonably foreseeable future." *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *14 (10th Cir. Oct. 21, 2026). The record does not demonstrate that such a determination has been made.

[6] Petitioner asserts that he is entitled to the procedural protections provided for in 8 C.F.R. § 241.4 despite the fact that his release by the District of Rhode Island under habeas was made pursuant to 8 U.S.C. § 1226(a), *see* Docket No. 1-3 at 16-17, which does not apply to aliens subject to a final removal order. Because respondents do not contest petitioner's assertion, the Court assumes that petitioner is so entitled. The Court otherwise expresses no opinion on the issue.

[7] Section 241.4(l)(2) also reserves discretionary revocation to specified officials: the Executive Associate Commissioner or, in limited circumstances, a district director. 8 C.F.R. § 241.4(l)(2). Here, "there is nothing in the record suggesting that the revocation was made by someone with the requisite authority." *Olivera-Martinez v. Valdez*, No. 26-cv-01120-NYW, 2026 WL 1361538, at *3 (D. Colo. May 15, 2026); *see* Docket No. 1 at 10, ¶ 39; Docket No. 6 at 1-2.

the prompt interview requirement where it made no attempt to justify a three-week delay in interviewing petitioner). ICE must comply with Department of Homeland Security regulations—where it does not, habeas relief is warranted. *See id.* at *14-*25; *see also Lissitchev v. Baltasar*, No. 25-cv-03790-KAS, Docket No. 17 (D. Colo. Jan. 6, 2026) (holding that where "ICE fail[s] to comply with Department of Homeland Security regulations" and "fail[s] to justify [a petitioner's] detention," immediate release is the appropriate result).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Jeronimo Mavungo-Raymond's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order,[8] on the same conditions imposed by the immigration judge in January 2026.[9] It is further

**ORDERED** that respondents shall not transfer petitioner outside the District of Colorado except to transfer him to the District of Maine for his ongoing criminal proceedings, pending further order of this Court. It is further

---

[8] As petitioner appears currently detained at the Federal Transfer Center in Oklahoma City, Oklahoma, *see* Docket No. 7 at 4, ¶ 9, this deadline shall apply upon his return to Colorado.

[9] Petitioner requests that the Court release petitioner without a monetary bond, in accordance with his prior release by ICE (which declined to impose the bond as it had already released petitioner). *See* Docket No. 7 at 3-4, ¶¶ 5-8. This Court, however, has no authority to review bond determinations made by an immigration judge. *See* 8 U.S.C. § 1226(e).

**ORDERED** that the parties shall file a status report within **four days** of petitioner's release.

DATED November 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge